OPINION OF THE COURT
Edward S. Conway, J.
This is an article 78 proceeding in which petitioners seek judgment: 1. Vacating and prohibiting enforcement of respondents’ decision dated December 15, 1978, which denied petitioner’s request, made pursuant to the New York Freedom of Information Law, to be supplied with copies of substance abuse surveys.
*236 On November 29, 1978, respondents released the results of a survey concerning drug abuse by secondary school students. Data for the survey was not gathered throughout the State; however, results purportedly applicable to every county within the State were extrapolated from a statistical sampling taken in 194 schools. The results of the survey were not released on a county-by-county basis, but were instead regionally reported for the eight "Health Service Areas” in the State. There is no information contained in the 44-page survey released by respondents which indicates the extent of student drug use in any individual county or school district in the State.
By a letter sent December 4, 1978, petitioners requested from respondents, pursuant to the Freedom of Information Law, those portions of the State-wide surveys done in the counties of Niagara, Monroe, Chemung, Tompkins, Oneida, Saratoga, Dutchess, Westchester, Rockland and Broome, together with the names of the schools in which the surveys were conducted. The counties were those in which newspaper clients of petitioner have large circulations.
The respondents denied the request by letter dated December 6, 1978, citing the fact that when the survey was taken anonymity and confidentiality were guaranteed to those school districts which co-operated with the study. Petitioners appealed the denial, and by letter of respondent Eldridge dated December 15, 1978, the appeal was denied.
The respondents contend that the records sought herein are within the context of this proceeding, protected from discovery under the common-law rule of privilege, and that the reliance by the petitioners upon the provisions of the New York Freedom of Information Law in seeking their production is misplaced.
This court cannot agree with the contentions of the respondents. The Freedom of Information Law, adopted by New York State effective September 1, 1974, and amended effective June 1, 1978, is designed to make available to the public documents generated by and in the possession of government unless a compelling reason requires their confidentiality. Concern was expressed in the statute regarding the rights of those identified by government documents which might be subject to disclosure. The law authorized the committee on access to public documents to spell out rules to be used in preventing the disclosure of information in violation of a person’s right of privacy. (Public Officers Law, § 89, subd 2, pars [a], [b].) A *237 further limitation to access to information is set forth in subdivision 2 of section 87 of the Public Officers Law which declares: "Each agency shall * * * make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that: (a) are specifically exempted from disclosure by state or federal statute; (b) if disclosed would constitute an unwarranted invasion of personal privacy under the provisions of subdivision two of section [89] of this article”.
It is urged by the respondents that the common-law privilege attaches whenever the public interest required that confidentiality be applied to communications between and to public officers in the performance of their duties, and is generally applicable whenever the public interest would be harmed if the materials sought to be discovered, or their source were to lose their cloak of confidentiality. (Cirale v 80 Pine St. Corp., 35 NY2d 113.) However, "public interest” is a flexible term and what constitutes sufficient potential harm to the public interést so as to render the privilege operable must of necessity be determined on the facts of each case. Such a determination is a judicial one and requires that the governmental agency come forward and show that the public interest would indeed be jeopardized by a disclosure of the information. Otherwise the privilege could be easily abused, serving as a cloak for official misconduct.
In this court’s opinion, the respondents have not sustained the burden of proving that the records sought fall within the statutory exceptions to disclosure cited above nor have they shown that the public interest would be jeopardized by a disclosure.
In view of the foregoing, the petition is granted.